United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWAR MISAEL MACIAS RAMOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-2762 |
| | § | |
| WARDEN, MONTGOMERY | § | |
| PROCESSING CENTER, *et al.* | § | |
| | § | |
| Respondents. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Edwar Misael Macias Ramos filed this petition on April 7, 2026, when detained in the custody of officials with Immigration and Customs Enforcement (ICE). Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) challenging his mandatory detention under 8 U.S.C. § 1225(b). The respondents filed a motion for summary judgment (Dkt. 5), and the petitioner responded (Dkt. 6).

On May 21, 2026, while this habeas petition was pending, the Board of Immigration Appeals dismissed the petitioner's appeal from his order of removal. *See* Automated Case Information, EOIR, available at https://acis.eoir.justice.gov/en/ (last visited Aug. 4, 2026). The BIA's dismissal renders the petitioner's removal order final. 8 C.F.R. § 1241.1(a); *see* 8 U.S.C. § 1252(b)(3)(B). A district court has no jurisdiction to review a final order of

1 / 3

removal.  *See* 8 U.S.C. § 1252(a)(5); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).

On June 22, 2026, in compliance with the Court's five-day notice instruction, the respondents filed an advisory stating that the petitioner's removal to Honduras would occur no earlier than June 27, 2026 (Dkt. 7).  The petitioner did not respond before the five-day period expired, but later filed an emergency motion (Dkt. 8) stating that he was *en route* to Louisiana for removal and requesting emergency relief.[1]

Because the petitioner is subject to a final order of removal, he is no longer detained under 8 U.S.C. § 1225, and habeas claims are moot.  Additionally, public online records reflect that the petitioner is no longer in immigration custody.  *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Aug. 4, 2026).  Therefore, the Court has no constitutional authority to resolve the petition.  *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990).

Therefore, the Court **ORDERS** as follows:

1.    This habeas action is **DISMISSED as moot**.

---

[1]    The emergency motion was filed on July 7, 2026, and was based in part on the panel decision in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *reh'g en banc granted, opinion vacated,* No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026).  Several days later, the *en banc* court vacated the panel's opinion.

2.      All pending motions are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____August 12_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE